MANDATE

1 : 05-cv-3297
Trial Judge: Richard Thomas Sullivan

10-1943-cv
Schnur v. CTC Communications Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand eleven.

PRESENT:   JOHN M. WALKER, JR.,
           BARRINGTON D. PARKER,
           DEBRA ANN LIVINGSTON,
                       *Circuit Judges*.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 04, 2011

SUSAN SCHNUR
           *Plaintiff-Appellant*,

      -v.-                                              No. 10-1943-cv

CTC COMMUNICATIONS CORP. GROUP DISABILITY PLAN.,
           *Defendant-Third-Party Plaintiff-Appellee,*

CONTINENTAL CASUALTY COMPANY.
           *Third-Party Defendant-Appellee.*

                              STANLEY D. BAUM, Lansdale, PA, for *Plaintiff-Appellant*.

                              MICHAEL H. BERNSTEIN (John T. Seybert *on the brief*), Sedgwick, Detert, Moran & Arnold LLP, New York, New York; Shannon McCarthy Jandorf, Marshall Law Group, Wellesley, Massachusetts, *for Defendant-Third Party-Plainitff-Appellee*, *Third-Party Defendant-Appellee*.

MANDATE ISSUED ON 04/04/2011

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff-Appellant Susan Schnur appeals from a grant of summary judgment in favor of Defendant-Third-Party Plaintiff-Appellee CTC Communications Corp. Group Disability Plan and Third-Party Defendant-Appellee Continental Casualty Company ("CCC") on plaintiff's claims which are brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and which stem from the denial of her claim for long-term disability ("LTD") benefits under the Group Disability Plan ("the Plan"). Specifically, Schnur alleged below that the Plan's outside claims administrator, non-party CNA Group Life Assurance Company ("CNA"), failed to credit the medical evidence establishing her permanent disability, and, further, that the process by which CNA evaluated her claim was so procedurally flawed as to render it unreliable. The district court (Sullivan, *J.*) rejected those claims, finding that CNA's denial of the claim was not "arbitrary and capricious" and thus that Schnur could not establish an entitlement to relief. On appeal, Schnur contends, first, that the district court erred in applying the "arbitrary and capacious" standard when it should have, instead, reviewed her claim *de novo*, but, second, that even under the "arbitrary and capricious" standard, she was entitled to relief because CNA's heavily flawed process of reviewing her claim resulted in a decision that is supported by no reliable evidence. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those issues only as necessary to facilitate this discussion.

"In an ERISA action, we review the district court's grant of summary judgment based on the administrative record *de novo* and apply the same legal standard as the district court." *Hobson v.*

*Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). As noted, the district court applied the "arbitrary and capricious" standard in reviewing the administrative record, an issue Schnur challenges on appeal.

"Although generally an administrator's decision to deny benefits is reviewed *de novo*, where . . . written plan documents confer upon a plan administrator the discretionary authority to determine eligibility, we will not disturb the administrator's ultimate conclusion unless it is arbitrary and capricious." *Id.* (internal quotation marks omitted). Here, there is no serious dispute that the written plan documents confer discretionary authority upon CTC as the plan administrator and on "other Plan fiduciaries."[1] Schnur simply contends that CNA was not an "other Plan fiduciar[y]" as that term is used in those documents. We reject that argument for substantially the reasons set forth by the district court. In so doing, we emphasize that, as the sole claims administrator for the Plan, CNA was clearly engaged in the sort of activity that gives rise to a fiduciary responsibility and is thus frequently associated with a "Plan fiduciary." *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 218-19 (2004) ("A benefit determination under ERISA . . . is generally a fiduciary act" and is "part and parcel of the ordinary fiduciary responsibilities connected to the administration of a plan.").

Accordingly, like the district court, we review CNA's denial of Schnur's claim for benefits under the "arbitrary and capricious" standard, reversing "only if the decision was without reason,

---

[1] For the first time on appeal, Schnur argues that the relevant language was contained only in the "Summary Plan Description," not the Plan itself. However, before the district court, Schnur quoted from the same section of the SPD in conceding that "the LTD Plan Language grants CCC 'discretionary authority to interpret the terms of the Plan and to determine eligibility to benefits in accordance with the Plan.'" Because Schnur admitted that the "LTD Plan Language" includes this quoted passage from the SPD, we deem any argument to the contrary to be waived. *See In re: Nortel Networks Corp Securities Litig.*, 539 F.3d 129, 132 (2d Cir. 2008).

unsupported by substantial evidence or erroneous as a matter of law." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 141 (2d Cir. 2010) (internal quotation marks omitted). "Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the administrator and requires more than a scintilla but less than a preponderance." *Id.* (internal quotation marks omitted).

Here, "substantial evidence" supports the denial of Schnur's claim. Specifically, CNA relied on the opinions of not one but two retained physicians, both of whom reviewed Schnur's medical record and independently determined that there was insufficient evidence to support a finding of permanent disability. Specifically, as both those doctors found—and the record on appeal supports—virtually all of Schnur's symptoms were "self-reported" and backed by little, if any, physical evidence. *Cf. Hobson*, 574 F.3d at 88 ("[I]t is not unreasonable for ERISA plan administrators to accord weight to objective evidence that a claimant's medical ailments are debilitating[,]" or a lack thereof, "in order to guard against fraudulent or unsupported claims."). Moreover, as those doctors noted, even if fully credited, Schnur's symptoms did not warrant a finding of *total* and permanent disability. Moreover, that CNA chose to credit its own, outside doctors over Schnur's personal physician is not, itself, grounds for reversing the determination because "courts have no warrant to require administrators automatically to accord special weight to the opinions of a claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003).

Alternatively, Schnur contends that various "procedural irregularities" in CNA's handling

of her claim warrant discounting the administrator's findings. Many of these claims were not raised below and are thus deemed waived on appeal. *See In re: Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008). As for those claims that were preserved, Schnur first contends that CNA had a potential conflict of interest caused by its role as both a claims administrator and reinsurer of the Plan, and, second, that CNA's initial notice of denial did not comport with statutory and regulatory requirements. Neither claim has merit. With respect to the alleged conflict, the record makes clear—and Schnur does not dispute—that CNA took "active steps to reduce potential bias . . . by walling off claims administrators from those interested in firm finances" and, as such, the asserted conflict "prove[s] less important (perhaps to the vanishing point)." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008) (quoting *Metro. Life Ins. Co. v. Glenn* , 554 U.S. 105, 117 (2008)).

With respect to the notice, Schnur relies on ERISA section 503(1) which requires a plan administrator to provide the claimant "with adequate notice in writing . . . setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133(1). Implementing regulations require plan administrators to furnish the participant with, among other things, a "description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary." 29 C.F.R. § 2650.503-1(g)(1). Schnur contends CNA's initial notice of denial failed to comply with this provision. We disagree. CNA's notice of denial—a thorough, four-and-a-half-page document—amply laid out the basis for the denial, and, by implication, a description of those materials necessary to perfect the claim. Specifically, that notice informed Schnur that "we do not

see any evidence in the current medical records to establish that your condition imposes a physical or psychological impairment that would preclude you from engaging in the substantial and material duties of your regular occupation on a sustained basis." As such, we see no basis for concluding that CNA's notice departed in any material respect from statutory and regulatory requirements.

To the extent Schnur raises other arguments on appeal, we have considered them and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit